Per Curiam.'

It has been long settled, that a voluntary escape of a party in execution leaves the sheriff committing the escape without remedy. The prisoner is not to be retaken by the same officer; and if he suffers in damages recovered against him by the creditor, the original debtor is not hablé to the officer, as he is in case of a negligent escape, in which he is a wrong-doer as to the officer.
But neither a negligent nor a voluntary escape, unless the cred- *73 ¡tor has himself consented to the discharge of his debtor, when arrested and a prisoner in execution, is an answer for him to the demand of the creditor upon the same judgment. As to him, the officer and prisoner are wrong-doers, as well in the case of a voluntary as of a negligent escape, (a)
The second plea of the defendant is bad and insufficient, as it contains no averment of a consent by the creditor.
See 1 Show. 174. —2 D. & E. 126.
ADDITIONAL NOTE.
[In what cases the levy of an execution is no satisfaction of the judgment, see Green vs. Burke, 23 Wend. 490.
A levy upon chattels of a third person is no satisfaction, and scire facias still lies upon the judgment. — Flagg vs. Dryden, 7 Pick. 52. — And this without petition to the court. — Wilson vs. Green, 19 Pick. 433.
If a debtor be arrested on a ca. sa., and discharged by order of the creditor, or his agent, no other execution can issue upon the same judgment.— Windrum vs. Parker, 2 Leigh. 361. — But if a debtor in custody under a ca. sa. is permitted to escape, an other execution may issue. — Ibid. — See 2 Hayio. 110.
The return of satisfaction to a fi. fa. is conclusive against a scire facias upon the judgment, unless the return can be amended by leave of court. — Snead vs. Rhodes 2 Dev. & B. 386. —F. H.]

 [Brown vs. Getchell & Al., 11 Mass. Rep. 11. — Commonwealth vs. Drew, 4 Mass. Rep. 391. — Selw. N. P. 5th ed. 609, 610. — Ed.]