Curia.

We are all of opinion, that the debtor being committed to prison in execution, and liberated, therefrom by the creditor, the judgment was satisfied; and the pluries execution, upon which the levy on the land was made, was void. It seems to be a settled principle at common law, that when a judgment debtor is taken in execution, and is afterwards discharged with the consent of the creditor, no action can be maintained upon the same judgment (1). The reason is as strong against the issuing of another execution upon the *55 same judgment; for the judgment is in fact satisfied, and there is nothing to support an execution. This pluries must have been issued incautiously ; for by the return of the alias, without which there was no authority to issue the pluries, it must have been seen that the course of the law was finished by a commitment of the debtor. The nonsuit must stand (2).

Judgment for the tenant.

 4 Burr. 2482, Vigers vs. Aldrich. —1 D. & E. 557, Jaques vs. Withy.

 [Forster vs. Fuller, 6 Mass. 58. By the act of 1819, c. 94, § 2., the release of the debtor from imprisonment does not discharge the debt. See also the act of 1788 c. 16, § 4. —Ed.]