Judge Wright
delivered the opinion of the court:
A great many questions are raised by counsel, and amply discussed in this case ; but in the view we take of it, it is only necessary for us to consider one of them.
In the proceeding in chancery for the sale, settlement, and distribution of Peter Lehman’s estate, all the interests asserted by the defendants in this suit were represented by the parties, and all the interest now in contest, except the complainant’s. By the decree, the judgment for the -identical cause of action with that now sought to be enforced as a lien against the complainant’s lot was paid. The judgment against the principal debtor, who in equity was bound to pay the money, was assigned to the heirs of Peter Lehman. The interest of those heirs was joint; the princi< pal debtor, Stutsman, was one of them. He was a party himself, *440 and his interest was represented by Brown’s executor, his assignee. His distributive share of the estate of his wife’s ancestor was more than sufficient to pay the judgment against him. In equity and law, the instant an amount of money required to satisfy the claim his ancestor’s estate had upon him, for the debt paid to Yanderslice, became his by virtue of his right to distribution, that instant it extinguished his claim for so much of his distributive share of the estate of his wife’s father, and the same instant it extinguished, and, in equity at least, satisfied the judgment against him, which, under the decree was transferred to him and his coheirs, or those standing in their place. It is not within his power, by transferring his intei*est in the estate of his wife’s ancestor, to vest Brown, his assignee, with an interest which could defeat this effect. The assignee took only the rights of his assignor, subject to the same law and the same equities. Standing in the shoes of Stutsman’s wife, Brown could assert no claim that Stutsman him-434] self could not. *The situation of the combined heirs of Lehman is precisely the same. They represent, as a body, the right of their ancestor, and they can not, by distributing Stutsman’s portion of the estate of his wife’s ancestor, to himself or to Brown, his assignee, acquire a right to collect the amount of it again on a judgment, thus by operation of law satisfied, and out of property which, in the meantime, has passed into the hands of strangers or purchasers for a good consideration.
Suppose a man in debt mortgage land to secure the payment, and afterward a judgment is taken by a third person against him and his neighbor, which is suffered to remain several years without execution of the mortgaged.land, though a lien upon the equity of redemption in the mortgagor. While the judgment is in this situation, the judgment debtor sells and conveys the land to the holder of the mortgage, and becomes insolvent. He then agrees with his neighbor, against whom, with him, the judgment was taken as his surety, who has money of the debtor in his hands sufficient to pay off the judgment against him, that they will pay off the judgment out of the principal (and insolvent) debtor’s funds, take an assignment of the judgment to themselves jointly, and collect the amount for their joint benefit, by a sale of the same land he has sold and conveyed away. The fraud of such a transaction would be palpable, and if the law sanctioned the proceeding, it would be justly chargeable with all the consequences of *441 tbe fraud. The law does not countenance or aid fraud. Chancery will stop the party sowing such a crop from reaping the harvest. That seems to be the exact case before us. The decree for the assignment does not change the case so as to affect the complainant, for h'e was no party to the suit and is not bound by it. However it may bind and affect the parties, it exerts no influence on his rights.
In our opinion the judgment against Stutsman is satisfied in equity, and can not be asserted as a lien upon the lot held by the complainant. The complainant may take a decree perpetually enjoining against the enforcing the judgment upon the lot in-question, to quiet his title as regards that lien, and against the heirs of Peter Lehman, who are defendants, and those representing the other heirs, not defendants, for the costs.
This view makes it unnecessary to examine the other points argued.