### ERASTUS BROMLEY vs. ARWIN HUTCHINS.

The sheriff of another state cannot pursue and retake in this state a prisoner who has escaped from his custody, on civil process.

This was an action of assault and battery. The defendant justified as the servant of the sheriff of the county of Washington in the state of New York ; insisting in his plea that the said sheriff having a regular writ of *capias ad respondendum* against the present plaintiff, arrested him in said Washington county, whence he escaped into Danby in this state, where the sheriff immediately pursued him and took him, the defendant acting as his servant. To this plea there was a demurrer and joinder. The county court sustained the demurrer and rendered judgment for the plaintiff. The defendant filed exception, and the cause passed to this court.

*Argument for the defendant.*—1. The sheriff has a right to retake on fresh suit.—3 Black. Com. 415.—3 Baylie's Index, 301,—2 Swift's Sys. 113.—2 Esp. N. P. 611.—1 Swift's Dig. 543.

2. In this case he made fresh suit.—Rol. Abr. 809.—Dalt. Shff. 562.—2 Bac. Abr. 247-8.—2 Swift's Sys. 113.—2 Esp. N. P. 611.

3. Any person may assist him.—4 Bac. Abr. 442.—Dalt. Shff. 117.—1 Esp. N. P. 412.—Big. Dig. 84.

4. He may retake out of his county and state.—4 Bac. Abr. 435.—Dalt. Sheff. 23.—2 Swift's Sys. 113.—1 Root. R. 107, *Howard* vs. *Lyon.*—2 Esp. N. P. 611.—7 John. R. 155.

The sheriff *arrested* in virtue of process ; and having arrested, he thereby acquired a right to *detain* the prisoner in custody, and the prisoner having *escaped*, the sheriff, in consequence of his right to detain, has the right to *recapture*.

The case is analogous to that of bail.—Westinghouse's case, B. C. 1820.—*Nichols* vs. *Ingersol*, 7 John. R. 145.—5 Day's Esp.

N. P. R. 172, note.—1 Swift's Dig. 597.—2 Show. 202.—3 Vin. 498.—6 Mod. 231.—1 Atk. 237.—Show. 214.

It is analogous to *Uttley* vs. *Smith*, July term 1835.

RUTLAND,
February,
1836.

Bromley
vs.
Hutchins.

The opinion of the court was delivered by

COLLAMER, J.—Were this a question of mere recapture on fresh suit, it would be of simple solution. As the duty of protection on the part of the government is the correlative of allegiance on the part of the citizen, it becomes a grave question, whether this duty can be performed by the court of justice and other functionaries of our government, if our citizens are at the same time subject to the authority of the officers of another government, over whom we have no control, and who owe to us no official responsibility. It is obvious that all those authorities which go to settle that recapture on fresh suit may be made in another county of the same nation, tend little to settle this question. The case in Connecticut as reported in Root, lends no assistance ; as in that case the warrant was sanctioned and endorsed by the authority of the state in which it was ultimately executed. It is however urged that by the case, (*Nichols* vs. *Ingersoll*, 7 John. R. 155,) it is decided that bail have a right to arrest the principal in another state. From this it is concluded that an officer may do the same. In relation to that case it is to be observed, that it is understood not to be recognized as law in New York, as some of our citizens have had sad occasion to know. It may be true, though not yet so decided, that inasmuch as the bail is the keeper of the principal *at his own request*, and is said to hold him as by a string, and may generally circumscribe or enlarge his wanderings, and may arrest even after a voluntary enlargement, he might by virtue of this power and right existing by contract and licence between the parties, even arrest in another state. The condition of an officer is entirely different. His power is derived wholly from his official character and his precept, and must on principle cease where his official character and precept cease to have validity and jurisdiction. The same may be said of the analogy mistakenly attempted to be drawn from a right acquired to property, by contract or the laws of the country in which it is situate, remaining good elsewhere.

Every government owes protection to its citizens and sojourners, who cannot be forcibly taken out of its jurisdiction without the consent of the constituted authorities. For this purpose each state is a sovereign government and so important and absolute was this considered that in the 2d sec. of the 4th art. of the United

RUTLAND,
February,
1836.

Bromley
vs.
Hutchins.

States constitution provision is made that *felons* and *fugatives from justice* are to be surrendered; but even this is to be done only on application to the executive. If our citizens are subject to be taken by the officers of a *neighboring* state they are equally subject to be taken and transported to Louisiana or Missouri. Except in those delegations of power invested in the general government and those restrictions provided in the United States constitution, each state is a national sovereignty and holds the same relation to the other states which it holds to other nations. As the United States constitution contains no provision on this subject, our citizens are as much subject to the authority and pretended recapture by the officers of England or France as of New York. This suggests consequences entirely at war with all civil liberty, protection and national independence. We are entirely unprepared to adopt so dangerous and fearful a principle and practice as that for which the defendant here contends.

Judgment affirmed.

*Dexter for plaintiff.*
*Harman for defendant.*