CYRIL COBURN *vs.* JOHN C. PALMER.

In this commonwealth no action lies on a judgment, on which execution has issued, if the debtor being imprisoned thereon, has given bond according to law for the prison limits; although the only surety in such bond has successfully defended a suit thereon, on the ground of infancy. The only remedy of the creditor against the principal debtor in such case is on the bond.

DEBT on a judgment rendered at the September term of the court of common pleas, 1847. The case was submitted to the court of common pleas, and by appeal to this court, upon an agreed statement of facts.

The existence of the judgment was not disputed, but the defendant relied upon the following facts as a bar to the action:

Execution was duly issued on said judgment, October 27, 1847, on which the defendant being arrested gave bond for the prison limits, duly approved by two justices of the peace and of the quorum, with one Isaac A. Chamberlain, as the only surety. The defendant did not deliver himself up to the jailer according to the bond, and the bond was forfeited. Suit was commenced on the bond against the surety alone, and he successfully defended on the ground of infancy. No suit was ever commenced against this defendant on said bond, and the judgment now in suit has never been discharged or satisfied, unless the foregoing proceedings should be a satisfaction in law. Judgment was rendered for the plaintiff, in the court of common pleas, and the defendant appealed. It was submitted on briefs, without oral argument, by

*D. S. Richardson & W. A. Richardson*, for the defendant, and by *J. G. Abbott*, for the plaintiff.

METCALF, J. A commitment of a debtor in execution is, by the common law, a discharge of the judgment. And it is doubtful whether there were more than two exceptions to this rule of law; first, that of the debtor's escape from prison, without the sheriff's consent, and second, his obtaining, by fraud, the creditor's consent to his release from prison. These two cases are admitted exceptions to the old common law rule. Com. Dig. Escape, E; *Mounson* v. *Cleyton*, Cro. Car. 240,

255; *Baker* v. *Ridgway*, 9 Moore, 114; *Little* v. *Newburyport Bank*, 14 Mass. 443. But statutes were passed in England, in the reigns of James the First, and William the Third, which authorized the arrest, on a new execution, of a party who should be set at liberty by privilege of either house of parliament, or who should escape from prison " by any ways or means howsoever," and which also authorized a creditor or his legal representatives to sue out a new execution against the property left by a debtor who had died whilst imprisoned. *Sts.* 2 Jac. I. *c.* 13; 21 Jac. I. *c.* 24; 8 & 9 Wm. III: *c.* 27. These further exceptions, confirmed if not created by these statutes, we suppose to be, so far as they are applicable to our condition, a part of the common law of Massachusetts. And in the case of a debtor's escape, our Rev. Sts. *c.* 97, § 72, have also provided that the creditor may have a remedy against him by a *scire facias*, or an action of debt on the judgment. But a commitment in execution is a discharge of the judgment, when the creditor consents to the debtor's being released from prison, though the consent be given on terms that are not afterwards complied with; or upon the debtor's giving new security, which afterwards proves to be worthless; or though the release from imprisonment be upon the debtor's express agreement that he shall be liable to be taken again on execution if he fails to fulfil the terms on which he is released. In none of these cases can the creditor (unless circumvented by fraud) maintain an action on the judgment, or lawfully take out a new execution. Nor can he set off the judgment in an action brought against him by the debtor. Bac. Ab. (Todd's ed.) Execution, D.; 2 Steph. N. P. 1217; Hob. (Wm's ed.) 145, *n.*; *Putnam* v. *Needham*, 2 Dane Ab. 650; *Appleby* v. *Clark*, 10 Mass. 59; *King* v. *Goodwin*, 16 Mass. 63; *Jaques* v. *Withy*, 1 T. R. 557; *Taylor* v. *Waters*, 5 M. & S. 103. In Ireland, statutes have been passed which authorize a creditor to sue out and serve a *fi. fa.* on his debtor who has been committed on a *ca. sa.* See 1 Hudson & Brooke, 300–309.

The statutes of this commonwealth have altered our common law on this subject in the instances enumerated in *Cheney* v *Whitely*, 9 Cush. 289, namely, when the debtor is discharged

on taking the poor debtors' oath; when the creditor discharges him on bringing an action upon the judgment, and summoning a third person as his trustee; or discharges him on his demanding support in prison as a pauper ; or when the jailer discharges him because the creditor does not secure or advance full payment for his support in prison. Rev. Sts. *c.* 98, §§ 16 25; *c.* 97, §§ 50, 51, 59. In these cases the statutes save to the creditor all his rights and remedies on the judgment, except that of arresting or imprisoning the debtor. And if the debtor shall be convicted of wilful false swearing, on his examination before taking the poor debtors' oath, or in the taking of it, he may be again arrested and imprisoned. Rev. Sts. *c.* 98, §§ 14 15. But the common law remains in force in all the cases in which the statutes have not altered it; and they have not altered it in the present case.

The plaintiff's counsel has treated this as a case of escape. But the breach of the condition of the bond, given for the liberty of the prison limits, was by an omission to surrender himself to be held in close confinement, and cannot be deemed an escape from prison. *Hathaway* v. *Crosby*, 5 Shepley, 453, 454. The law entitled the defendant to the liberty of the prison limits, on his giving bond " with a surety or sureties." That bond was approved by two justices of the peace and of the quorum, and must therefore, by the express provision of the statute, " be deemed sufficient." Rev. Sts. *c.* 97, §§ 63, 65. The fact, that the surety in the bond was not answerable thereon, does not give the plaintiff any further remedy against the defendant, than if the plaintiff had voluntarily released him from prison, on his giving insufficient security to pay the judgment. In that case, as we have seen, the plaintiff could neither maintain an action on the judgment, nor arrest the defendant again, on a new execution. Nor can he do either in this case. The judgment is discharged, and the plaintiff's only remedy against the defendant was on the bond, by a suit brought within a year after the time of the breach. The sum recoverable for the breach could not have been less than the amount due on the original judgment, with interest thereon, and with all the lawful charges that had arisen after the issu-

ing of the original execution. Rev. Sts. *c.* 97, § 68. The plaintiff, therefore, by being prevented from maintaining this action, loses nothing which he could not have obtained by a seasonable suit against the defendant, on the bond.

Under the special provisions of the statutes of Maine, *St.* 1835, *c.* 195, and Rev. Sts. *c.* 148, an action of debt on the judgment well lies in a case like this. *Spencer* v. *Garland,* 2 Appleton, 75. *Judgment for the defendant.*