THE STATE, DAVID, PROSECUTOR, v. JAMES BLUNDELL, SHERIFF OF PASSAIC COUNTY.

1. An *alias capias ad satisfaciendum* may be issued against a defendant who, on his arrest under the original *capias ad satisfaciendum*, gave bond to the sheriff, under the insolvent debtors' act, and was released from custody, and was afterwards refused a discharge by the court on the hearing of his application for the benefit of the insolvent law. The plaintiff, in such a case, is not restricted to an action on the bond. He may sue on the bond, or have an *alias ca. sa.*, or issue execution against goods or lands or bring an action on the judgment.

David v. Blundell.

2. Such *alias ca. sa.* may be sued out at the instance of the surety on the insolvent bond, who, after forfeiture of the bond, has paid the plaintiff and taken an assignment of the judgment.

In error to the Supreme Court. For opinion of Supreme Court, see 10 *Vroom* 612.

The relator was arrested on a *capias ad satisfaciendum* in an action of debt, at the suit of one Anway. He gave bond to apply for the benefit of the insolvent law, and was discharged from custody. He made application for the benefit of the insolvent law, and was refused his discharge, on the ground that his conduct had not been fair, upright and just. The relator did not surrender himself into custody, nor pay the debt. Upon affidavit of these facts, together with the affidavits on which the original order of arrest was made, an order for an *alias ca. sa.* was made, on which the relator was again taken into custody by the sheriff.

The relator being in custody under the *alias ca. sa.*, sued out a writ of *habeas corpus*, returnable before Justice Dixon, for the purpose of testing the legality of his arrest under the *alias ca. sa.* The justice refused to discharge the relator and remanded him into custody ; whereupon a *certiorari* was sued out of the Supreme Court. The Supreme Court set aside the order for the *alias ca. sa.*, and made an order discharging the relator from custody. Upon this order of the Supreme Court this writ of error was brought.

For the plaintiffs in error, *Gilbert Collins.*

*Contra, Joseph Coult.*

The opinion of the court was delivered by

DEPUE, J. The question raised by the record is, whether the plaintiff in a judgment, or any one representing him, may sue out an *alias ca. sa.* against a defendant who has been discharged from custody under the original *ca. sa.*, upon giving bond to the sheriff for the benefit of the insolvent law, and

has been refused a discharge on a hearing before the court. The Supreme Court held that an *alias ca. sa.* could not issue under such circumstances ; that the plaintiff's only remedy was by action on the insolvent bond.

The only decision sustaining the judgment of the Supreme Court is *Coburn* v. *Palmer*, 10 *Cush.* 273. That case and the judgment under review can be supported only on the theory that the taking of the body in execution under a *ca. sa.,* is *per se* a satisfaction of the judgment.

As early as *Blumfield's case*, 38 *and* 39 *Eliz.,* it was declared that the execution of the body is no satisfaction, but a gage for the debt. 5 *Rep.* 87. The *capias* is a full execution in one sense ; if it be executed it is, in law, for the whole debt due. " *Corpus humanum non recepit estimationem.* So if you take it at all you must take it for the whole debt." *Foster* v. *Jackson, Hob.* 59. Consequently, if the *ca. sa.* be once executed, no other execution can be sued out, while the defendant remains in custody, for the same debt. 1 *Arch. Prac.* 307. But the imprisonment of the body being to the intent that the defendant shall satisfy the debt, and be discharged when he pays the money ; taking the body is not an absolute extinguishment of the debt. *Thompson* v. *Parish,* 5 *C. B.* (*N. S.*) 684.

The discharge of the defendant from custody under a *ca. sa.,* by the consent of the plaintiff, operates as a satisfaction of the judgment. *Cattlin* v. *Kernot,* 3 *C. B.* (*N. S.*) 796.

But the satisfaction and extinguishment of the judgment result from the act of the plaintiff in consenting to the defendant's release, and not from the seizure of his body under the execution. The discharge by the plaintiff, and not the fact of custody by the sheriff, is essential to effect a satisfaction of the judgment. *National Assurance Co.* v. *Best,* 2 *H. & N.* 605.

The plaintiff's consent to the discharge of the defendant from custody will satisfy the debt, though the defendant be set at liberty upon a condition he fails to comply with, (*Jaques* v. *Whithy,* 1 *T. R.* 557 ; *Clark* v. *Clement,* 6 *T. R.* 525 ;

David v. Blundell.

*Thompson* v. *Bristow, Barnes* 205 ; *De Costa* v. *Davis*, 1 *B. & P.* 242 ; *Tanner* v. *Hague*, 7 *T. R.* 420 ; *Vigers* v. *Aldrich*, 4 *Burr.* 2482 ; *Magniac* v. *Thomson*, 2 *Wall., Jr.*, 209,) unless the discharge be procured by the fraud of the debtor. *Baker* v. *Ridgway*, 2 *Bing.* 41.

So completely does a discharge from arrest, by the plaintiff's consent, work a satisfaction of the judgment, that if the judgment be against several and one only be taken, and he be discharged by the plaintiff's consent, the others cannot be taken. *Price* v. *Goodrick, Styles* 387. And if the other defendants be in custody, the court, on motion, will discharge them and order satisfaction to be entered on the record. *Allen* v. *Craig*, 2 *Green* 102.

A voluntary discharge by the officer of a defendant in his custody, will prevent his re-taking him under the same process, and without a new authority from the plaintiff. But the plaintiff, upon an escape, whether it be voluntary or negligent, may consider the defendant out of custody, and sue the officer for the escape, or he may sue out a fresh *ca. sa.* against the defendant's body, or execution against his goods or lands, or bring an action on the judgment. The action against the sheriff is in the election of the plaintiff. The defendant in execution cannot, of his own wrong, put the plaintiff to his action against the officer, contrary to his will. If he be out of custody without the plaintiff's consent, the latter is remitted to any remedy on his judgment which he might have had if the *ca. sa.* had never been executed. *Trevillian* v. *Lord Roberts*, 2 *Roll. Abr.* 902, § 8 ; 11 *Vin. Abr.* 26 ; *Whiteacres* v. *Hamkinson, Cro. Car.* 75 ; *James* v. *Peirce*, 1 *Vent.* 269 ; 1 *Chitty's Arch. Prac.* 706 ; *Tayloe* v. *Thomson*, 5 *Peters* 358 ; *Appleby* v. *Clark*, 10 *Mass.* 59 ; *Allen* v. *Holden*, 9 *Id.* 133 ; *Brown* v. *Getchell*, 11 *Id.* 11 ; *Jackson* v. *Bartlett*, 8 *Johns.* 361 ; *Thompson* v. *Lockwood*, 15 *Johns.* 256 ; *Littlefield* v. *Brown*, 1 *Wend.* 398 ; *Cheever* v. *Mirrick*, 2 *N. Hamp.* 376.

These rules of law have been adjudged in an almost unbroken line of decisions from the earliest period, and have

been repeatedly recognized by the courts of this state. In *Miller* v. *Metler*, 2 *South.* 508, imprisonment of the body was held to be *prima facie* a satisfaction of the judgment. In that case it did not appear that the defendant had in any way been liberated, and the court put its decision expressly on that ground. That case is merely a re-affirmance of the common law rule, that the body, if taken, must be taken for the whole debt, and after *ca. sa.* executed no other remedy can be pursued while the defendant is in custody. In *Strong* v. *Linn*, 2 *South.* 799, it appeared that the defendant had been discharged from custody by the plaintiff's order. The authorities cited, and the reasoning of Chief Justice Kirkpatrick, show that the case was decided on that ground. In *State* v. *Dodge*, 4 *Zab.* 671, the dictum of Justice Elmer recognizes the consent of the plaintiff to the discharge as essential to preclude the plaintiff from his right to other execution on the judgment, or to his remedy by action on it.

The release of a defendant from custody on his giving bond to apply for the benefit of the insolvent law, is not a discharge by the consent of the plaintiff. This privilege the defendant has without the consent and even against the will of the plaintiff. Where two defendants were in prison, and one of them was discharged under the lords' act, because of the plaintiff's refusal to pay the prison charges, the court held that the discharge was the act of the law and not the act of the plaintiff, though the plaintiff did not choose to detain the party in prison at his own expense, and that, therefore, it did not operate to discharge the other defendant. *Nadin* v. *Beattie*, 5 *East* 147. The release of a defendant in custody, on his giving bond to apply for the benefit of the insolvent law, is more clearly a discharge by act of law, and, being the act of the law, will not prejudice the plaintiff in the judgment. *United States* v. *Stansbury*, 1 *Peters* 573; *Sharp* v. *Speckenagle*, 3 *S. & R.* 463. Such discharge is a mere suspension of the imprisonment of the defendant, pending his application for the benefits of the statute. It is a temporary privilege. The permanent exemption of his person from imprisonment under

David v. Blundell.

the plaintiff's judgment, he can obtain only by successfully prosecuting his application and obtaining a discharge by the order of the court. If the theory on which this case was decided in the Supreme Court be correct, a defendant obtains a permanent exemption from imprisonment under the judgment upon which he has been arrested, by merely giving a bond to apply for the benefit of the act, and not by obtaining a discharge under the provisions of the statute. This theory is entirely inconsistent with the provisions of the statute. The statute makes a discharge by the court, after hearing the merits of the application, and that only, an exemption from imprisonment for any of the applicant's debts. *Rev., p.* 504, § 28. The bond takes the place of actual confinement while the application is pending, and when the application is determined, if adversely to the applicant, the privilege of enlargement by means of the bond is terminated, and the creditor is remitted to all his rights, and to every process for their enforcement, he had originally under his judgment. Its effect upon other methods of enforcing the judgment is like that of a commitment under a *ca. sa.*—it suspends other remedies during the continuance of the proceedings under the act, and whenever the application is determined, the creditor is restored to all former remedies, unless his debtor has succeeded in obtaining a discharge in compliance with the statute.

Nor is there any warrant for the conclusion that the bond is substituted for other remedies on the judgment. The plaintiff has an election either to sue on the bond or to resort to execution or action on the judgment. We have seen that the fact that the plaintiff may have an action against the officer for an escape will not preclude him from proceeding anew against the defendant by action or execution on his judgment. The same reason for permitting the plaintiff to have remedy against the defendant under his judgment exists in cases where the defendant is let out of custody by the act of the law, upon giving a bond under the statute, as where he has escaped from the officer. The officer is compelled to take the bond if the sureties be deemed adequate. He may be mis-

taken in their ability, or their circumstances may change, and they may prove insolvent after they are accepted. Upon this reasoning it was held in *Jansen* v. *Hilton,* 10 *Johns.* 549, that where a defendant in execution has given a bond to the sheriff for the prison limits, and goes beyond the bounds, the sheriff may re-take him, and re-commit him to close custody, although he might have an action on the bond.

The cases of *Woodruff* v. *Barrett,* 3 *Green* 40, and *Voorhees* v. *Thorn,* 1 *Zab.* 77, do not support the view that the only remedy of the plaintiff is on the bond. The sole question in those cases was whether the debtor, on a failure to obtain his discharge, had an election to surrender himself and save the forfeiture of his bond. Inasmuch as the condition of an insolvent bond is that the debtor shall surrender himself to the sheriff, if refused a discharge, it is clear that he has an election to comply with the condition of his bond and save a forfeiture, or to incur a forfeiture by non-compliance. These two cases decided nothing else. They left untouched the questions as to the rights and remedies of the plaintiff in the judgment, in case the defendant failed to secure a discharge from imprisonment under the provisions of the statute.

Equally untenable is the objection that the *alias ca. sa.* was sued out at the instance of the surety on the insolvent bond. The judgment was not paid or satisfied. One of the remedies on it was that adopted in this instance. An assignment of the judgment to a third person, though the assignee be the surety on the insolvent bond, carries with it the rights of the plaintiff, including the power to use his name for the collection of the judgment, and the use of all process thereon that the plaintiff might resort to if its collection was prosecuted in his own name. The rights of an equitable assignee will be recognized and protected in a court of law. *Belton* v. *Gibbon,* 7 *Hal.* 77 ; *Sloan* v. *Summers,* 2 *Green* 509 ; *Parsons* v. *Woodward,* 2 *Zab.* 196.

An officer who has made himself liable on an execution, may satisfy the plaintiff his damages and take an assignment of the judgment, and bring an action thereon in the plaintiff's

name; and it will be no defence to the action that the plaintiff in the judgment has been paid. *Allen* v. *Holden*, 9 *Mass.* 133.

The judgment of the Supreme Court should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, WOODHULL, CLEMENT, DODD, GREEN, LILLY, WALES. 9.