Stone *against* Woods, Sheriff, &c.

THIS cause came before the court, on a writ of error from the court of common pleas of *Washington* county The plaintiff brought an action on the case for an *escape,* in the court below. The declaration set forth, that one *Uriel Clary*, was indebted to him, &c. and that a *capias ad respondendum*, in *December*, 1806, was issued against the said *Clary*, &c. directed to the defendant, commanding him to take the said *Clary*, so that he might have his body, before the judges and assistant justices of the court of common pleas, of *Washington* county, on the first *Tues-*

after an arrest on *mesne process*, has the body of the defendant, at the return day of the writ, it is sufficient. The act giving *double* costs in suits against sheriffs and other officers, does not extend to the case of a judgment for the defendant, on a demurrer.

*day of March*, 1807, &c. which writ was, on the 26th of *January*, 1807, delivered to the defendant, as sheriff of the county of *Washington*, to be executed, &c. and the defendant, afterwards, and before the return of the writ, to wit, on the 18th of *February*, 1807, arrested the said *Clary*, and had him in his custody, &c. that by virtue of the said writ and arrest, &c. the plaintiff, afterwards, recovered judgment in the said court, against the said *Clary*, for 139 dollars and 90 cents damages ; that afterwards, to wit, on the 25th of *July*, 1807, the defendant, at, &c. wilfully and voluntarily suffered the said *Clary* to go at large, out of his custody, &c. he, the plaintiff, being wholly unsatisfied for his damages, &c. The defendant pleaded *four* pleas :

1. Not guilty.

2. That after the commitment of *Clary*, on the writ, at the suit of the plaintiff, he, on the 25th of *July*, 1807, forcibly broke the gaol, and escaped out of the defendant's custody ; and that afterwards, before the exhibiting the bill of the plaintiff, and before the defendant had any notice or knowledge of the escape, he privily returned into the custody of the defendant, and ever since hath continued in his custody, &c. which escape, &c. and this he is ready to verify, &c.

3. That the said *Clary*, on the 25th of *July*, 1807, forcibly broke gaol and escaped out of the defendant's custody, without his knowledge or consent, and that the defendant immediately made fresh pursuit after him, &c. until, afterwards, to wit, on the 25th of *July*, 1807, and before the exhibiting the plaintiff's bill, he retook the said *Clary*, and detained him in his custody, by virtue of the said commitment, at the suit of the plaintiff ; and still detains him in custody, &c.

4. That *Clary*, forcibly and against the knowledge and will of the defendant, broke prison and escaped, on the 25th of *July*, 1807, and afterwards, on the same day,

privily returned into the prison, and has ever since remained in custody, &c. and that the defendant had not then, nor hath he since, received any execution at the suit of the plaintiff against the said *Clary*, &c. with a verification, &c.

To the second plea, the plaintiff *replied* that *Clary* did not privately return, &c. and issue thereon.

To the third plea, the plaintiff *replied*, that the defendant did not make fresh pursuit, &c. to retake the said *Clary*, in manner and form, &c. and issue thereon.

To the fourth plea, there was a general demurrer and joinder. The court below gave judgment for the defendant, on the demurrer ; and as the suit was against the defendant, as sheriff, they adjudged the plaintiff to pay *double* costs. On this judgment, the writ of error was brought.

*D. Russel*, for the plaintiff in error, contended that the demurrer to the fourth plea was well taken. It is not alleged that the return of the prisoner was before action brought.* Again, the judgment of the court below was erroneous in awarding double costs. This is not a case within the statute directing *double* costs, where a verdict is found for the defendant, in a suit against a sheriff or other officer.† The act speaks only of a *verdict* after a trial. Nothing is said of a judgment on a *demurrer*, in favour of a defendant who is an officer.

* 1 *Stra.* 423.
2 *Stra.* 873.
2 *Wilson*, 294.

† 24 sess. c. 7. s. 1.

*Skinner* and *Foot*, contra. The question is whether an action can be maintained, for a *negligent* escape, on *mesne process*, where the prisoner returns on the same day, after a judgment, but before an execution.

A sheriff may give what indulgence he pleases to a prisoner on *mesne process*, provided he has him in prison at the return of the writ, so as to answer the plaintiff in the suit.‡ The reason why the sheriff is made liable for an *escape*, is that the plaintiff has been delayed or in-

‡ 5 *Term Rep.*
37. 2 *Term
Rep.* 172.
3 *Bl. Com.* 290.
415. *Esp. Dig.*
606.

jured. If there is no delay or prejudice to the plaintiff, there can be no damage ; and without damage there is no ground for an action. The plea does not expressly state that the return of the prisoner was before action brought, but that it was on the same day, and before any execution issued. Why is a defendant set at large, on bail ? Merely to place the plaintiff in the same situation, as if the prisoner had remained in the custody of the sheriff. It is enough if the prisoner is forthcoming to answer in execution. After execution, the sheriff cannot show the prisoner any indulgence. Such is the common law. Does the statute then make any difference ? The words of the act* are, " if at any time the keeper of any prison shall permit or suffer any prisoner committed to his custody, either upon contempt or mesne process, or in execution, to go, or to be at large out of his prison, except, &c. every such going, or being out of the prison, shall be adjudged and is hereby declared to be an escape." The act speaks only of permissive or voluntary escapes The case, therefore, of a *negligent* escape remains, as it stood before, by the common law, and the sheriff is not liable to an action, unless the plaintiff has been prejudiced by the delay. The pleadings state a *negligent* escape only.

* 24 sess. c. 28. s. 20.

As to the *double* costs. The act says, " if a verdict shall pass for the defendant, or the plaintiff shall become *nonsuit* or *suffer discontinuance*, the defendant shall be entitled to double costs." The present case, if not strictly within the letter, is clearly within the intent and meaning of the act.

*Shepherd*, in reply. 1. The common law doctrine does not extend so far as to permit a sheriff to suffer his prisoner to be at large after the return of the writ, though before judgment. It is confined to cases where the writ

NEW-YORK,
Nov. 1809.

STONE
v.
WOODS.

is not returned ; and the court, in the cases cited, merely say, that it is enough if the sheriff has the prisoner to answer the exigency of the writ. The short time during which the prisoner was at large, cannot vary the question. If he was at large for any time, however short, there was an *escape*, and the plaintiff's right of action became vested ; and the court cannot here take upon them to decide on the amount of the damages he has sustained.

The act by declaring what should be an escape, manifestly intended to give the party a right of action for such escape. The words of the act, " if the keeper shall *permit* or *suffer* the prisoner to go at large," &c. evidently comprehend *negligent*, as well as voluntary escapes.

2. The act, in giving *double* costs is penal, and must be taken strictly. The case of a judgment on a demurrer, is not mentioned ; and the defendant could not, therefore, be entitled to *double* costs.

VAN NESS, J. delivered the opinion of the court. If the sheriff has the body of the defendant, after an arrest upon mesne process, at the return day of the writ, it is said to be sufficient. But if the defendant escape at any time thereafter, the sheriff is liable to an action. I do not discover that there is any distinction whether the escape be voluntary or negligent ; neither do I conceive that any such distinction can exist, for the sheriff is equally liable in the one case as in the other. (1 *Saund.* 35. n. 1.    2 *Wils.* 294.)

The case of *Plank* v. *Anderson and another*, (5 *Term Rep.* 37.) relied on by the defendant's counsel, is essentially different from this ; though it is not very easy to discover precisely the ground upon which that case was decided. There the jury found that the plaintiff had not been delayed or prejudiced in his suit. And Lord

*Kenyon* says, " that the exigency of the writ was performed, so far that the defendant was forthcoming, when the plaintiff called upon him to answer his demand." The circumstances were peculiar, and great stress was laid upon the finding of the jury. The plea in the present case does not come up to the finding of the jury, in the one just mentioned. Whether the plaintiff has sustained any damages by reason of the escape, cannot be a question for the court, but must be determined on the trial, by the jury.

This being an action on the case, for an escape on mesne process, the damages are uncertain and at large ; and whether the plaintiff will be able to give such evidence, as will entitle him to recover from the defendant the whole or any part of his demand, cannot be determined, on the facts stated in this record. The question now is upon the sufficiency of the fourth plea, which in my opinion is no bar to this action.

The court below awarded *double* costs against the plaintiff. This was evidently not within the statute, (24 sess. c. 47. s. 1.) which authorises double costs only, when a verdict shall have passed for the defendant, or the plaintiff shall have become nonsuited, or suffered a discontinuance. The provision does not extend to the case of a judgment upon demurrer, and the statute, in awarding double costs, being penal, must be taken strictly.

The judgment below must be reversed.

Judgment reversed.