## PETERS and GEDNEY *against* HENRY.

A sheriff may permit a prisoner in execution to go within the liberties of the gaol, without taking security; and if the prisoner, without his knowledge, goes beyond the limits, but returns again before suit brought, he is not liable for an escape.

The *limits*, or liberties of the gaol, are considered as an extension of the walls of the prison, and a return within the limits is the same as a return within the gaol. And where no bond or security is taken by the sheriff, his right of recaption remains in full force; and a voluntary return before suit brought, is equivalent to a recaption, which will purge a negligent escape.

THIS cause came before the court, on a writ of error, from the court of common pleas of *Rensselaer* county.

The plaintiffs brought an action of debt againt the defendant, as sheriff of the county of *Rensselaer*, for the escape of one *Peter Haff*, who was in the custody of the defendant, on execution, at the suit of the plaintiffs, on the 25th *May*, 1805.

The defendant pleaded, 1. Not guilty; 2. That *Haff* forcibly broke the prison, and escaped, without the knowledge or consent of the defendant, and voluntarily returned into prison, before suit brought, and continued in custody, until he was discharged, pursuant to the act for the relief of debtors, with respect to the imprisonment of their persons, by order of the court of common pleas of *Rensselaer* county, which he avers was the same escape complained of by the plaintiffs, &c. The plaintiffs replied to the second plea, traversing the forcible escape and voluntary return before action brought, and the subsequent discharge of the defendant, by order of the court of common pleas, under the act, &c.

At the trial, the plaintiffs produced the record of the judgment, and the execution, with the return thereon, endorsed by the defendant, that he had taken *Haff*, and had him in his custody. The execution was issued in *May* term, 1804, and returnable in *October* following.

A witness for the plaintiffs testified, that between the term of *October*, 1804, and the term of *May*, 1805, he saw *Haff* without the limits of the gaol, several times, and that he afterwards saw him return into the limits.

On this evidence, the court decided, and charged the jury, that if *Haff* returned within the limits of the gaol

NEW-YORK, May, 1810.

PETERS and GEDNEY v. HENRY.

before the action was brought, there must be a verdict for the defendant. The jury, accordingly, found a verdict for the defendant. A bill of exceptions was tendered to the court below, on which the writ of error issued.

*J. Russell*, for the plaintiffs in error, contended, that the voluntary return of a prisoner, committed in execution, within the limits of the gaol, was not a valid defence for the sheriff, in an action against him, for an escape; that after the debtor has once been committed on final process, it is sufficient for the plaintiff to prove him at large, without the limits of the prison, to entitle him to recover; and that the plea, "that the debtor broke gaol without the knowledge of the defendant, and returned into the limits, or fresh pursuit and recaption, before suit brought, is applicable only to an escape from the walls of the prison, as distinguished from the liberties granted by the statute. He cited *Tillman* v. *Lansing*, (4 *Johns. Rep.* 47.) and *Bissell* v. *Kip*. (5 *Johns. Rep.* 89.)

*Foot*, contra. The return within the liberties of the gaol, must be considered as a return within the custody of the sheriff, or within the walls of the prison; for the *limits* are to be regarded as an extension of the walls of the prison, so that a return to them is a return to the prison. By the pleadings, the plaintiffs have put the cause on the fact, whether there was a return within the limits, before the suit was commenced, and must be concluded by the finding of the jury. If the party will take issue on an immaterial fact, he cannot, afterwards, allege the insufficiency or immateriality of such fact, when found against him.

There was a plea of recaption, on fresh pursuit, which is not denied by the pleadings; and must, therefore, be

taken as admitted. And a recaption before suit brought, will excuse the sheriff.

SPENCER, J. delivered the opinion of the court. The error insisted on is, that the voluntary return of the prisoner within the limits does not purge the escape, and that to entitle the defendant to a verdict, he should have proved that the prisoner returned within the walls of the prison.

This suit must have been brought under the idea, that the decision in *Tillman* v. *Lansing*, (4 *Johns. Rep.* 47.) had deprived the sheriff of the right of pleading a voluntary return of the prisoner, before action brought, in all cases, except when the escape was from the walls of the prison. But that decision proceeded solely on the construction of the statute of the 30th *March*, 1801, (*Rev. Laws*, vol. 1. p. 260.) and applies only to those cases where a bond has been given by the prisoner for the gaol liberties. The principle is this, that by the prisoner's going out of the limits, his bond becomes forfeited, without any right or power in the sheriff to retake him; and that, as the bond was not assignable at that time, the creditor would be remediless, in a great measure, unless the sheriff was rendered liable to him. In the opinion delivered in that case, the law is fully recognised, that a voluntary return of a prisoner, in case of a negligent escape, before action brought, purges the escape.

In the present case, there does not appear to have been any bond taken by the sheriff, of the prisoner, for the liberties, and that makes every difference between the cases. The question, in fact, is, whether permitting the prisoner, who is in on execution, to enjoy the liberties, is an escape in the sheriff; for if the liberties are to be considered the gaol of the county, in the case of a confinement on civil process, as much so as the four walls, then a negligent escape from them, and a return before

NEW-YORK, May, 1810.

action brought, is a good defence. It is to be observed, that in this case the sheriff had not deprived himself of the right of recaption, which he had, when he took a bond for the liberties; that circumstance had a material influence on the decision in *Tillman* v. *Lansing*.

It has been frequently decided, in this court, since the statute allowing gaol liberties, that the sheriff may let a prisoner in execution go within the liberties, without taking a bond, which is for his indemnity; and this opinion is supported by the case of *Bonafous* v. *Walker*. (2 *Term Rep*. 26.) *Ashhurst*, J. says, in that case, that the statute, 8 and 9 *Wm*. establishing the rules, makes them "to all intents and purposes the same as the walls of the prison." If so, then the prisoners in execution are within the prison, whilst on the limits; and as bonds have not been given, the sheriff's right of recaption remains in full force; and a voluntary return before action being equivalent to a recaption, the prisoner was in custody, and no escape happened, for which the defendant is chargeable.

The judgment must be affirmed.

Judgment affirmed.