ROCKINGHAM, FEBRUARY TERM, 1819.

## PAUL LANGDON *versus* EBENEZER HATHAWAY.

If a prisoner on mesne process be guilty of a voluntary escape before he is committed and before the writ is returned, the sheriff may retake him.

The right of re-caption, too, if enforced by fresh suit, exists beyond the limits of the county.

This right is not impaired by an agreement of the sheriff to refrain from re-caption.

THIS was an action of trespass, *vi et armis*. The defendant pleaded not guilty as to the force, and a justification as to the residue.

The facts alleged as a justification were, that the defendant, being a deputy sheriff in the county of *Strafford*,

received for service a writ of attachment, sued out by one *Marshall*, against the present plaintiff, on the 5th August, 1816, and returnable to the next January term of the court of common pleas; that on the 3d of November, 1816, at *Conway*, in said county, by virtue of said writ, the defendant arrested the plaintiff, who thereupon rescued himself, and on fresh suit by the defendant was retaken, November 9th, 1816, at *Claremont*, in the county of *Cheshire*: and that the defendant from that place brought and committed him to jail in *Dover*.

The plaintiff replied, that, after the first arrest mentioned in the plea, the defendant voluntarily permitted the plaintiff to go at large, and that he did not escape without the license of the defendant.

The defendant rejoined, that the plaintiff did rescue himself, and escape without license.

On trial it appeared in evidence that at the first arrest, and before a commitment, the defendant suffered the plaintiff to go at large, and that he escaped; that while the defendant was making search for him, a friend of the plaintiff's proposed to give a note for about half the amount of the debt, provided the defendant would agree to allow it as payment of so much of the debt, and not retake the plaintiff for ten days: that the defendant assented to this proposition, and received the note, but neglected to endorse it, and retook and committed the plaintiff, as mentioned in the plea.

It being suggested by the court that the question presented by this evidence could not be settled under the present issue, the parties agreed that a verdict should be returned for the defendant, which was not to be set aside unless the court should entertain an opinion that the plaintiff was entitled to recover upon the above facts.

The action was commenced and tried in *Strafford* county, September term, 1818, and having been continued nisi, judgment was now rendered here.

*Hale* and *J. Smith* for the plaintiff.

*Moody* and *Mason* for the defendant.

Woodbury, J. delivered the opinion of the court.

The evidence in this case is conclusive, that the escape of the plaintiff was voluntary. The verdict, therefore, when we advert to the issue, appears to be incorrect. But it is stipulated by the parties, that the verdict shall not be set aside unless upon all the evidence the plaintiff is entited to recover. This mode of considering those questions of law that may be raised by the facts in this action, is untechnical, and a demurrer should have been filed to the defendant's plea: or on these pleadings a verdict should have been returned for the plaintiff, and then a motion made by the defendant for a repleader. Because, in relation to the merits of this action, the issue is wholly immaterial. After an escape on mesne process, whether with or without license from the officer, whether voluntary or negligent, the right of recaption still exists. This arises from the nature of the officer's duty in relation to the service of mesne process. He is not, as in final process, commanded to " take the body of the defendant and him commit unto jail :"(1) but " him safely" to " keep, so that you bring him before" the court to which the writ is returnable(2.)

(1) *Statute* 94.

(2) *Statute* 92.

Whether the escape, then, be voluntary or negligent, he obeys the mandate of the writ if he has the defendant in court on the return day(3.) But in final process he does not obey the precept, unless he " commits the defendant unto jail" immediately after the arrest(4.) The object of mesne process, also, is to have the defendant in court at its session, that the contested rights between the parties may be settled, and the defendant be present to abide any judgment which shall be rendered against him. If he be then present in custody, the object of the process is fulfilled ; and as to that object it must be of no consequence how many escapes have happened, and what may have been their character.

(3) 2 *Bos. & Pul.* 85, 246.

(4) 10 *Mass. R.* 59.

But the object of final process is to deprive the defendant of his liberty, that he may be induced to make payment of the judgment against him ; and the object of the

Langdon
*vs.*
Hathaway.

process is delayed, if not defeated, by an escape of any kind.

If, then, notwithstanding a voluntary escape on mesne process, the sheriff, by a recaption before the return day, obeys the writ and fulfills its object, he does no wrong to the creditor(5.) The creditor can sustain no action against him; because he must allege and prove not only that he permitted the defendant to go at large, but that he did not have him in custody on the return day : *ad largum in permissit et non comparuit ad diem*(6.) " The cases cited by the plaintiff's counsel," in support of the opposite doctrine, are some of them cases where no arrest had ever been made,(7) some are escapes after commitment,(8) others are, in the language of *Ashurst*, J.(9) " cases of escapes either in execu-" tion or after the return of the writ, and therefore not ap-" plicable." The same reason which in this case protects the sheriff against any claim of the creditor, will protect him also against the debtor(10.) Indeed, in relation to him, he has not only obeyed the writ and fulfilled its object, but performed a favour—permitting an indulgence which the debtor consented to, or requested. *Non fit injuria volenti.*

The agreement which was made by the defendant with a friend of the plaintiff, that he would forbear to retake the plaintiff for a certain period, could not destroy the right of recaption.

It does not appear that either the present plaintiff or the former creditor authorized any such agreement. The original writ, then, as well as the original debt, remained in full force :(11) and if the agreement was not void as to the officer, because contrary to his publick duty,(12) the person with whom it was made is still entitled to a remedy upon it for any breach of its provisions.

This right of recaption, however, was exercised by the officer beyond the limits of the county in which he was deputized. It is true, that he could serve no legal process out of his county. But all rights that he had already acquired

(5) 1 *Saund.* 35, note and author. there cited.——5 *John.* 182.

(6) 2 *Bl.R.*1048, *Hawkins & al.* vs. *Plower.*——*Cady* vs. *Huntington*, *Gr., Ss. Novem- ber,* 1817, *page* 138.——5 *D. & E.* 37.——6 *do.* 753.

(7) 5 *D. & E.* 25.

(8) 2 *Wills.* 294.

(9) 2 *D. & E.* 176.

(10) 2 *D. & E.* 172, *Atkinson* vs. *Matteson et al.*

(11) 9 *John.* 263. ——13 *Mass. R.* 319.——5 *do.* 101.

(12) 5 *M. R.* 385, 541.

within his county, whether as an individual or an officer, could be enforced by him in any other, as well as in that county. The right to retake the plaintiff on fresh suit he had thus acquired. It was a personal or transitory right, like that to retake property rescued from him, and could, with propriety, be exercised wherever he might find the body of him who had escaped.—*5 Es. C.* 172, *Fisher* vs. *Fallows, nt.* 1.—1 *Root* 107, *Howard* vs. *Lyon.*—1 *Burns. Jus. Ar.* 99.—*Dalt. Ch.* 170.

*Let judgment be entered on the verdict.*