WOOD *against* DWIGHT.

After an order, dissolving an injunction, staying execution at law, the plaintiff is at liberty to proceed with his execution, notwithstanding an *appeal* by the defendant from the order : for an appeal cannot, of itself, affect the validity of an order dissolving an injunction, or discharging a party from a writ of *ne exeat*, or revive the process : it only stays all further proceedings here.

MOTION by *J. A. Spencer*, on behalf of the defendant, for leave to proceed at law, notwithstanding the appeal filed in this cause.

It appeared, that an injunction had formerly issued, staying execution at law ; and that, on the 24th of *June* last, the injunction was dissolved, on motion and argument; and that, on the 3d of *July* inst. an appeal to the Court of Errors, from the order dissolving the injunction, was filed. He cited 6 *Cranch*, 51. 3 *Johns. Rep.* 596. 9 *Johns. Rep.* 443. 4 *Johns. Rep.* 510. 13 *Johns. Rep.* 139.

*Henry*, contra.

THE CHANCELLOR said, that after an order dissolving an injunction, or discharging a party from a writ of *ne exeat*, was duly entered, no subsequent appeal by the dissatisfied party, could, of itself, affect the validity of the order, or revive the process, and give it force and effect. An appeal only stays future proceedings in the Court; but

here is no further proceeding. The order is perfect and finished, *eo instanti* that it is entered; and if the injunction could be revived by the mere act of the party in filing an appeal, it would be giving to him not only a power of control over the orders of the Court, but of creating an injunction. The Supreme Court of this State, in *Hoyt* v. *Gelston*, (13 *Johns. Rep.* 139.) held, that an injunction was not revived by an appeal, so as to operate as a stay of proceedings at law ; and the Supreme Court of the *United States*, in *Young* v. *Grundy*, (6 *Cranch*, 51.) held, that no appeal would even lie upon an interlocutory order dissolving an injunction. Whether an appeal can be sustained, is a question for the Court of Errors ; but supposing it can be sustained, it is impossible that a process that is duly discharged, and *functus officio*, can be revived by the mere act of the party. How could this Court undertake to enforce the process, and punish contempts of it, in the very face of the order dissolving it? When a process is once discharged and dead, it is gone for ever ; and it never can be revived, but by a new exertion of judicial power. It is sufficient, in this case, to declare, that the defendant is entitled to pursue his remedy at law, equally as if no injunction had issued; and no special leave to proceed is requisite.