# SUPREME COURT,

THE PEOPLE, &c., *ex rel.* THE CITY OF LOCKPORT agt. THE BOARD OF SUPERVISORS OF THE COUNTY OF NIAGARA.

*Taxation of costs on mandamus.*

The board of supervisors of a county is not a public officer contemplated by the statute in reference to double costs, on the final determination in its favor of a trial upon mandamus.

The costs in such case must be taxed as single costs, under the act of 1840, chapter 386, as amended by the act of 1844, chapter 273.

*Niagara Special Term, September* 22, 1874.

MOTION for retaxation of costs in action of mandamus.

*Geo. C. Greene,* for relator.

*Ransom & Joyce,* for defendant.

LAMONT, *J.*—In this case an alternative writ of mandamus was issued, followed by a return and pleadings to issue of fact, a trial at the circuit, and a final determination made in favor of the defendant, denying the peremptory writ, with costs. Thereupon costs were taxed by the clerk professedly according to the fee bill in the Revised Statutes, to which an addition of one-half thereof was made, upon the ground that the action was against a public officer. The learned justice who tried the cause gave a certificate stating " that upon the trial of this cause it appeared as a fact that this action was begun against the defendant as a public officer, for or concerning an act done by defendant by virtue of its office, and which was its duty to perform."

VOL. L           45

The record shows that the action is not against a public officer, but against the county of Niagara. All actions against counties must be brought against the board of supervisors thereof (2 *Rev. Stat.*, 473, *sec.* 95; 1 *id.*, 364). The powers of a county as a body corporate can only be exercised by the board of supervisors thereof, or in pur-suance of a resolution by them adopted (*id., sec.* 4). The present action was brought to compel the county to pay a local assessment for benefit laid upon real estate belonging to the county, and assessed pursuant to the charter of the city of Lockport, the relator in the writ. It is strictly an action against the county as a municipal corporation, prosecuted in the manner specially directed by statute, in which the board of supervisors is named defendant. The *board* is not an officer. No officer is named. No officer is a party to the proceeding. The individual supervisors could not appear and answer each for himself, but the county, by the board, must answer for the corporation (*Newman* agt. *Supervisors of Livingston County*, 45 *N. Y.*, 690). The death or change of supervisors necessitates no substitution. The suit involves county matters exclusively. This board is not in fact, or in the contemplation of the statute concerning increased costs, a public officer (2. *Rev. Stat.* 617, *sec.* 24). Such statutes are penal in their nature and not to be extended by construction (*Stone* agt. *Woods*, 5 *John.*, 187). The additional costs were not allowable, but single costs only.

The next question is whether the costs should be taxed according to the fee bill in the Revised Statutes. This being an action, and not a special proceeding, costs cannot be taxed under the act of 1854 (*chap.* 270, *sec.* 3) regulating costs in special proceedings; and they cannot be taxed according to the fee bill of the Code, being excluded by section 471. Under the Revised Statutes costs were grantable in mandamus cases (2 *Rev. Stat.*, 587, *sec.* 57; *id.*, 613, *sec.* 3; *id.*, 615, *sec.* 16; *id.*, 619, *secs.* 39, 40, 41; *Laws* 1832, *chap.* 246, *sec.* 3; 2 *Rev. Stat.*, 632, *sec.* 17, *paragraph* 3; *sec.* 18, *para-*

*graph* 11). Soon after the Revised Statutes took effect the legislature, in 1833, passed an act (*chap.* 271), the sixth section of which reads as follows : " In suits and proceedings upon writs of mandamus, the supreme court may, in its discretion, award or refuse costs to any party therein." At that time costs, when awarded, could only be determined by reference to the Revised Statutes, no other statutes being then in existence upon the subject. This state of things continued until 1840 when the legislature passed a further act, the first clause of which reads as follows : " For the following services hereafter done or performed in any court of law in this state, being a court of record, the following fees shall be allowed." Then follow the provisions for fees of counselors, among which is mentioned mandamus by name; next the fees of attorneys, among which mandamus is twice named. Clerks' fees are regulated, the fees of witnesses increased, &c. The act also repeals certain sections of the Revised Statutes, containing the fee bill for similar services (*Laws* 1840, *chap.* 386). This act was amended in 1844 (*chap.* 273), mandamus being also specially named in the amendment.

The supreme court being a court of law when acting in a mandamus case, and a court of record in the very terms of this act of 1840, the conclusion is irresistible, that for the services rendered in this case the fees therein specified " shall be allowed," especially as the act specifies mandamus by name.

On the other hand, it is said that the term costs, used in the act of 1833, refers to costs as given by the Revised Statutes. If that be conceded, does it follow that the legislature, in 1840, did not have power to declare that for services thereafter done or performed in any court of law in the state, being a court of record, the fees therein specified should be allowed, mentioning mandamus by name, as affected by this new statute ? If the legislature had such power they certainly exercised it, for the language is too plain to admit of question. At the same time and in the same act, the fee bill in the Revised Statutes was repealed.

It has been further said, that the costs in surrogates' courts
are still taxable at the rate of similar services in the courts of
common pleas, as contained in the Revised Statutes (*Laws of*
1837, *chap.* 460, *sec.* 70), although such common plea costs
were abolished by the same act of 1840. But the distinction
is obvious. The act of 1837 adopted a particular fee bill by
reference to the Revised Statutes, which was equivalent to its
incorporation in the very act of 1837 itself (*Potter's Dwarris
on Statutes*, 192), and surrogates' courts not being courts of
law and of record (*In the Matter of Watson*, 3 *Lansing*,
411), were not affected by the act of 1840, which, in terms,
applied only to courts of law and of record. Therefore, the
surrogate's court stood untouched. For similar reasons the
act of 1840 did not apply to costs under the absconding
debtor act (*In the Matter of St. John*, 6 *Hill*, 356); nor to
cases of statutory foreclosure of a mortgage (*Collin's* agt.
*Standish*, 6 *How.*, 494). None of these proceedings are had
in a court of law, being a court of record; consequently they
did not fall within the language or intent of the act of 1840.

In *People* agt. *Ewen* (8 *Abb.*, 359, *note*), costs in a man-
damus case were taxed under the fee bill in force prior to
the Code, or old fee bill, as distinguished from the new one
under the Code; and not according to the rate of the fee
bill in the Revised Statutes, as I understand that brief report.
In another district a different rule was adopted (*People*
agt. *Lewis*, 28 *How.*, 159). The reasons upon which the
conclusion was reached in the latter case, are not stated in
the opinion.

The conclusion arrived at in the present case is, that the
act of 1833, if all the force is given to it which has been
claimed, was subject to future change and amendment by
the legislature, and that, if the word *costs* in that act, meant
costs as provided in the Revised Statutes, the legislature did
change it in the act of 1840.

In reality, however, the act of 1833 makes no reference
whatever to any particular fee bill, nor had it any such object.

It was passed for the simple purpose of vesting in this court a discretion in the matter of awarding or refusing costs. There is nothing in the act requiring the court, when it sees fit to grant costs, to authorize such costs to be recovered by any other law than such statutes as may be in force when the costs are awarded.

The act of 1840 is explicit and imperative, and must be obeyed until changed by legislative authority.

The taxation, by the clerk of Niagara county, of the costs in this action, is set aside, and a retaxation ordered before the same officer upon the usual notice; double, or additional costs, as in an action against a public officer, are ordered *not to be taxed;* and it is further ordered, that the act of 1840 (*chap.* 386), as amended by the act of 1844 (*chap.* 273), is to be observed upon such retaxation, and that defendant may present a bill of costs for such retaxation made out accordingly.