THE PEOPLE ex rel. ANDREW L. ROBERTS et al., Appellants, *v.* PETER BOWE, Sheriff, etc., Respondent.

Where judgment in an action has been perfected against the defendant and he has been charged in execution, a provisional order of arrest issued thereon is extinguished, and is thereafter of no force or validity; it is not revived by a reversal of the judgment.

Accordingly *held*, that upon such reversal the relators, who were held in confinement under the execution, could not be held under the order of arrest, but were entitled to their discharge.

As to whether a new order of arrest may be obtained, *quaere.*

*People ex rel.* v. *Bowe* (20 Hun, 85), reversed.

(Argued April 6, 1880 ; decided April 20, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, dismissing a writ of *habeas corpus.* (Reported below, 20 Hun, 85.)

In an action brought by the National Trust Company, of the city of New York, against the relators, an order of arrest was issued, under which they were arrested and held in custody by the sheriff. Plaintiff recovered judgment in said action and the relators were charged in execution and thereafter held thereunder. The said judgment was reversed on appeal, and the relators thereupon obtained the writ, which was made returnable at General Term, to procure their discharge from imprisonment.

*Ira Shafer* for appellants. The execution superseded the order of arrest herein. (*People* v. *Tweed*, 50 How. Pr. 26 ; 2 R. S., §§ 36 and 37 ; see Old Code, § 288 ; New Code, § 572.) It was not revived upon the death of the execution, but was swallowed up by the judgment. (*Schieb* v. *Baldwin*, 13 Abb. Pr. 469 ; *Spencer* v. *Rogers Iron Works*, 13 id. 180 ; *Wood* v. *Dwight*, 7 Johns. Ch. 295 ; *Arnold* v. *Thomas*, 2 How. Pr. 91 ; *Union Bank* v. *Mott*, 17 How. 353 ; Old Code, § 188.)

*John H. V. Arnold*, for respondent. The reversal of the judgment and the granting of a new trial restored all parties to the position in which they stood when the cause was tried, and any provisional remedies to which they were entitled or which they had availed themselves of before such trial remain in force the same as if there never had been any trial. (*Estes* v. *Baldwin*, 9 How. Pr. 80 ; *Britton* v. *Phillips*, 24 id. 111 ; *Ellert* v. *Kelly*, 10 id. 392 ; *Young* v. *Brush*, 18

Abb. Pr. 179 ; *Costar* v. *Peters,* 7 Robt. 386 ; *Marvin* v. *Iron Co.,* 56 N. Y. 671.)

*Per Curium.* We have examined the point presented, and the various considerations urged by the respective counsel, and are of opinion that when the judgment was obtained, and the relators were charged in execution, the provisional order of arrest was extinguished, and of no force or validity, and was not revived by the reversal of the judgment.

Chancellor KENT, in *Wood* v. *Dwight* (7 Johns. Ch. 295), said : "When process is once discharged and dead, it is gone forever, and it never can be revived but by a new exercise of judicial power." In that case it was claimed that an appeal from the order dissolving an injunction operated to stay proceedings, and hence revived the process until it was finally determined, but the doctrine laid down applies to all cases, and holds that when process has once become *functus officio,* there is no resurrection short of a new exercise of judicial power. A party is arrested in civil cases to detain him to answer a judgment and execution. The relators in this case have complied with that requirement, and they cannot be longer held.

In *Arnold* v. *Thomas* (2 How. Pr. R. 91), the defendant, who had been arrested and given a bond to the sheriff, was discharged on filing common bail and the bail bond given up. BRONSON, J., held, that, as the order had been complied with, the defendant could not be retaken, and hence could not move to vacate the order. A different doctrine would involve great confusion.

Suppose the original judgment had been in favor of the relators and they had been discharged, could they be retaken upon the same order ? Or, suppose they had given bail for the jail liberties, the same result might follow.

No authority has been cited in favor of the doctrine contended for, and it seems more in accordance with general principles applicable to process to hold, that, when once dead, it is gone forever. We do not mean to intimate that a new order might not be obtained.

It follows that the order of the General Term should be reversed and the relators discharged.

All concur, except Church, Ch. J., and Folger, J., dissenting, and Rapallo, J., not voting.

Order reversed.