*In the matter of the Petition of* WILLIAM H. SUPPE, *for a Writ of Habeas Corpus.*

1. ORDER OF ARREST, *Vacated; Not Revived, When.* The judge of the district court at chambers has no power or authority to review the action of the district court vacating and setting aside an order of arrest, and cannot revive an order of arrest that has been discharged by the court.

2. ———— *Quære.* As to whether it is within the power of the district court to rescind its action and restore an order of arrest after the term in which the order was vacated and the petition discharged, *quære.*

### Original Proceedings in Habeas Corpus.

PETITION for a writ of *habeas corpus,* filed in this court January 6, 1885, by *W. H. Suppe* against *J. H. Wilhite,* sheriff of Lyon county. The opinion, filed at the June 1885 session of the court, states the material facts.

*Kellogg & Sedgwick, I. E. Lambert,* and *Scott & Lynn,* for petitioner.

*Cunningham & McCarty,* and *Buck & Feighan,* for respondent.

The opinion of the court was delivered by

JOHNSTON, J.: This is an original proceeding in *habeas corpus,* whereby the petitioner, W. H. Suppe, seeks to effect a release from the custody of the respondent, J. H. Wilhite, who is the sheriff of Lyon county. The question presented in the case is whether a judge of the district court in vacation, at chambers, can review and rescind the order and judgment of the district court vacating and setting aside an order of arrest.

The question arises in this wise: On December 6, 1884, Rudolph Wurlitzer & Bro. brought a civil suit in the district court of Lyon county for the recovery of money against W. H. Suppe. At the same time the plaintiffs in that action filed an affidavit and bond to obtain the issuance of an order of arrest. The clerk of the court accordingly issued an order of

arrest, upon which the defendant Suppe was taken in custody by the respondent. Suppe immediately gave notice that on December 8th he would move the court, which was then in session, to vacate the order of arrest and discharge him from imprisonment. A hearing was accordingly had upon this motion, and the court determined and adjudged that the order of arrest under which Suppe was held be set aside and vacated. Afterward, and on the 11th day of December, 1884, when the district court of Lyon county had adjourned *sine die,* the plaintiffs in the civil action prepared and presented to the district judge, at his chambers in Greenwood county, an additional affidavit, and the judge, upon their application in an *ex parte* hearing, ordered "that the order made by the court, in the matter of the arrest of the within-named defendant on December 8, 1884, whereby said defendant was discharged from arrest, is hereby suspended and set aside." The sheriff, evidently thinking that this order of the judge had the effect to revive the process, arrested the petitioner upon the order of arrest theretofore vacated and set aside by the court. The petitioner complains of this second arrest, and contends that his imprisonment is illegal.

The district judge at chambers, as has been seen, assumed to review the action of the district court and to set aside its judgment vacating an order of arrest, and undertook to revive process that had been annulled by the court. This the judge had no power or authority to do. The district judge at chambers can only exercise such power as is expressly conferred by law. Power is given the judge at chambers to vacate orders of arrest, but no provision of statute has been cited or found that would authorize the district judge to review and correct the action of the district court, or restore process that has been discharged by the court. When the order of arrest was vacated it became *functus officio,* and it is questionable whether it was within the power of the district court to recall and change its order annulling the order of arrest after the term in which it was made, and to revive process that it had vacated; though as to that we do not decide, but certainly no such re-

visory power exists in the judge at chambers. ( *The People, ex rel. Roberts, v. Bowe,* 81 N. Y. 43; *In re Bradner, et al.,* 87 id. 171.)

As the order of arrest under which the petitioner is restrained has been vacated and is dead, it follows that his imprisonment is illegal, and he must therefore be discharged.

All the Justices concurring.