MARY BOWMAN, Respondent, *v.* THOMAS BOWE, Appellant, Impleaded, etc.

*Practice — revival of an order of arrest, after it has been discharged by a dismissal of the complaint.*

On May 3, 1880, the complaint in this action was dismissed upon the trial thereof, and all the defendants who had been arrested under an order of arrest, granted. on April 13, 1880, were discharged from custody. The judgment was reversed by the General Term and a new trial granted, upon which the plaintiff recovered a judgment against all the defendants except one. Thereafter, upon the plaintiff's motion, an order was made declaring that the order of arrest origin ally granted should be reinstated with the same force and effect as it had prior to May 3, 1880, and directing the sheriff to arrest and hold the defendants. as required by that order.

*Held*, that the original order could not be so reinstated and revived and that the order so providing should be reversed.

*People ex rel. Roberts* v. *Bowe* (81 N. Y., 43) followed.

Appeal from an order reinstating an order of arrest heretofore issued herein, and also from an order restoring therein the name of one of the defendants to this action, which name had been. stricken therefrom without authority.

*Joseph E. Newburger*, for the appellant.

*Henry Wehle*, for the respondent.

BRADY, P. J.:

It appears from the record that on the 13th of April, 1880, an order was granted holding each of the defendants to bail in the sum of $2,000, and that all the defendants except Bowe were arrested thereunder, and that on the third of May following this action was brought to trial and the complaint dismissed, and thereupon the defendants, other than Bowe, were discharged from custody. The plaintiff, however, appealed to the General Term of this court from the judgment of dismissal and that judgment was reversed. The cause was subsequently retried and resulted in a verdict against all the defendants save Dunn. The plaintiff thereupon applied for a reinstatement of the order of arrest against these judgment debtors.

The order to show cause was dated May 4, 1885, and the motion was granted by order entered the nineteenth of May following, which declared that the order of arrest originally granted was reinstated with the same force and effect as it had prior to May 3, 1880, on which day the complaint, as we have seen, was dismissed and the sheriff was directed to arrest and hold the defendants as required by that order. Subsequently, and on the twenty-fifth of May, the plaintiff's attorney gave notice that he would apply to Justice LAWRENCE on the 26th of May, 1885, for an order that the order be declared as in full force against the defendant Bowe as originally granted; and this was founded upon an affidavit in which he stated that the name of the defendant Bowe appeared to be mutilated, *i. e.*, erased with a pen, which it was alleged was done by some person without authority, as the order, when originally granted, contained the name of the defendant Bowe and a provision for his arrest, and that no order was ever made authorizing the erasure of the same. The result was an order that the original order of arrest be restored to its condition when granted, so that the name of Thomas Bowe should appear immediately after the words "you are required forthwith to arrest." From both of these orders the defendant Bowe has taken an appeal.

The question presented upon this appeal is whether the original order of arrest, which was in the nature of original process, can be revived on such an application as was made herein and granted. The defendants arrested were discharged from custody when the complaint was dismissed, and the result of that judgment was

undoubtedly to supersede the order of arrest, which was swallowed up by the judgment. This rule has been declared in the case of *The People ex rel. Roberts* v. *Bowe* (81 N. Y., 43). The court said, in that case: "Suppose the original judgment had been in favor of the relators, and they had been discharged, could they be retaken upon the same order? Or suppose they had given bail for the jail liberties, the same result might follow." And further, that no authority had been cited in favor of the doctrine contended for, and it seemed to be more in accordance with the general principles applicable to process to hold that when once dead it was gone forever. But the court added: "We do not mean to intimate that a new order might not be obtained." It may be noted here that no authority has been cited by the respondent's counsel to sustain the doctrine contended for in this case.

There was no application made here for a new order. The facts which would be necessary to obtain it were not set forth in the affidavit. The application was to show cause why an order should not be reinstated, and all the proceedings were based upon the idea of a revival or resurrection of the original order; and, therefore, it was not an application for a new order founded upon the statement of all the facts necessary for an exposition of the character of the action and of the right of arrest.

For these reasons, and on the authority of the case cited, it is thought that the orders appealed from should be reversed, with ten dollars costs and the disbursements as to one appeal only.

DANIELS, J., concurred.

Orders reversed, with ten dollars costs and disbursements of one appeal.