McAdam, Ch. J.
—The judgment in favor of the defendant effectually discharged the order of arrest, notwithstanding the plaintiff’s appeal. The discharge is final, because the defendant cannot be re-arrested upon the order even if the judgment in his favor is reversed. The court cannot re-instate the order upon motion, although it may, in case of reversal of the judgment, issue a new order. Bowman v. Bowe, 40 Hun, 489. Chancellor Kent, in Wood v. Dwight (7 Johns. Ch., 295), said: “When process is once discharged and dead it is gone forever, and never can be revived but by a new exercise of judicial power.” The same principle was declared in The People v. Bowe (81 N. Y. 43), and Bowman v. Bowe (supra). The deposit stands in lieu of actual custody of the defendant by the sheriff. Like other species of bail, it is a substitute fcr the body and when the corpus is legally discharged the substitute, which is accessory only, is discharged also This follows as a logical and necessary sequence. If the defendant had been in actual custody at the time of entry of judgment, in his favor, he would have been immediately discharged from confinement. The discharge would have left the defendant as if no arrest had been made. The final judgment in favor of the defendant, contemplated by section 585 of the Code, has been rendered, and, in the language of that section, “the sum deposited must be refunded to the defendant.” The order denying the motion for its return must, therefore, be reversed, and the application granted with costs.
Hall, J., concurs.