### CARRIGAN v. WASHBURN *et al.*

*(City Court of New York, Special Term.    December 23, 1889.)*

ARREST IN CIVIL CASES—DISCHARGE—REVERSAL OF ORDER.

   Where, after arrest on an execution against the person, the writ is set aside as void, there cannot, on a reversal of the order, be a rearrest under the same process; but a new execution against the person will issue on the judgment.

Action by George Carrigan against Henry L. Washburn and others. Washburn was arrested on execution against his person, but on motion the writ was set aside. This order was reversed on appeal, and plaintiff now applies for an order commanding defendant's rearrest under the old process. For former reports, see 2 N. Y. Supp. 616; 7 N. Y. Supp. 262.

. *Harrison & Langdon,* for plaintiff.

MCADAM, C. J.    When process is once discharged and dead, it is gone forever, and can never be revived but by a new exercise of judicial power. *Wood* v. *Dwight,* 7 Johns. Ch. 295; *Wilson* v. *Ryder,* 11 N. Y. St. R. 279. The defendant cannot be recommitted under the old process, but, having procured his discharge on an order afterwards reversed, is liable to arrest on new process. The restitution which follows every order of reversal must in this instance be enforced by the issuing of a new writ, as in case of escape. Code, § 1492. An injunction order set aside is not reinstated by a reversal of the order, the remedy being a new application. *Wood* v. *Dwight, supra.* The plaintiff may issue a new execution against the person of the defendant for the balance due on the judgment, and may issue an execution in the nature of a precept against the personal property of the defendant for the costs of appeal, (Code, § 779,) these being in the nature of motion costs. *Phipps* v. *Carman,* 26 Hun, 518. An order in accordance herewith has been filed.