THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL E. WOLFE, Appellant, *v.* EUGENE A. JOHNSON, Keeper of City Prison (Ludlow Street Jail), Respondent.

First Department, December 24, 1920.

Arrest — arrest in civil action followed by release on giving bail — when force of original process is exhausted — habeas corpus — when judgment debtor unlawfully detained.

Where an order of arrest was issued in a civil action, and the defendant was released on giving bail, and after judgment for the plaintiff and execution against property returned unsatisfied another execution against the person of the defendant was issued and returned as " not found," and

thereafter the sureties of the defendant being sued on the bail bond surrendered the defendant to the sheriff who again released him on other bail which was not furnished for the jail liberties as required by section 150 of the Code of Civil Procedure, and the sheriff again took the defendant into custody, he will be released on habeas corpus, for the only process upon which the defendant is held is dead and the power of the original warrant is exhausted so that he is unlawfully detained.

APPEAL by the relator, Daniel E. Wolfe, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of October, 1920, dismissing a writ of habeas corpus and remanding the relator to the keeper of the city prison.

*Jerome A. Strauss* of counsel [*Diamond, Abrahams & Strauss,* attorneys], for the appellant.

*George W. Olvany,* for the respondent.

CLARKE, P. J.:

An order of arrest dated July 30, 1918, was issued out of the Supreme Court, New York county, in an action in which one Fischman was plaintiff and Daniel E. Wolfe, relator, was defendant, which order commanded the sheriff to arrest the said Wolfe and hold him in bail in the sum of $1,000. Pursuant to said order Wolfe was arrested by the sheriff and thereafter, on August 10, 1918, in order to procure his release, said Wolfe duly procured such bail and was released from custody and the sheriff thereupon made his return on said order of arrest in accordance with section 590 of the Code of Civil Procedure. Subsequently, on March 13, 1920, judgment was taken in said action in favor of the plaintiff for $3,339.73, which judgment was duly docketed on that day. On March 13, 1920, an execution against the property of Wolfe was issued and returned unsatisfied, and thereafter, on March 19, 1920, an execution against his person was issued to the sheriff who was unable to effect the arrest and returned the execution as " not found " on May 20, 1920. Thereafter Fischman commenced an action against the sureties on said bail bond. On June 16, 1920, Wolfe was surrendered by said sureties to the sheriff in exoneration of his bail and the sheriff

took him into his custody. On said June 16, 1920, said Wolfe furnished to the sheriff another bail bond in the sum of $1,000, which recites: "The above named defendant Daniel E. Wolfe, having been arrested by David H. Knott, the Sheriff of the County of New York, upon an order of arrest granted by the Honorable Charles L. Guy in a certain action commenced in the above named court, * * * We, Fidelity & Casualty Company of New York, * * * hereby undertake in the sum of one thousand dollars that the above named defendant, arrested as aforesaid, will at all times render himself amenable to any mandate which may be issued to enforce a final judgment against him in this action."

The affidavit of the sheriff's attorney constituting the return to the writ of habeas corpus states that through inadvertence such undertaking was accepted by the sheriff and said Wolfe was released from custody; that upon being advised that he was not required to release said relator from custody upon the furnishing of the undertaking, Exhibit "A," for the reason that judgment had already been entered in said action and that said relator was entitled to his release only upon furnishing the undertaking for the jail liberties as required by section 150 of the Code of Civil Procedure, the sheriff on or about the 27th of September, 1920, took said Wolfe again into his custody; that said Wolfe is now held in the Ludlow street jail pursuant to the order of arrest of Mr. Justice Guy dated July 30, 1918, as aforesaid; that said order is still in full force and effect and that by the terms thereof the sheriff is required to hold said Wolfe in custody, and since judgment has been entered in the action upon which such order of arrest was granted, the sheriff is required to hold said relator until and unless he gives the undertaking for the jail liberties as required by section 150 of the Code or is previously discharged by an order of this court.

*People ex rel. Roberts* v. *Bowe* (81 N. Y. 43) was an appeal from an order dismissing a writ of habeas corpus. An order of arrest had been issued and in default of bail defendants were imprisoned. The judgments were reversed and a new trial ordered. The sheriff refused to discharge and claimed to hold under the order of arrest after the death of the execution. The court said: "We * * * are of opinion that when the judg-

First Department, December, 1920.          [Vol. 194.

ment was obtained and the relators were charged in execution the provisional order of arrest was extinguished and of no force or validity and was not revived by the reversal of the judgment. Chancellor KENT, in *Wood* v. *Dwight* (7 Johns. Ch. 295), said: ' When a process is once discharged and dead, it is gone forever, and it never can be revived but by a new exercise of judicial power.' * * * A party is arrested in civil cases to detain him to answer a judgment and execution. The relators in this case have complied with that requirement and they cannot be longer held. In *Arnold* v. *Thomas* (2 How. Pr. 91) the defendant, who had been arrested and given a bond 'to the sheriff, was discharged on filing common bail and the bail bond given up. BRONSON, Ch. J., held that, as the order had been complied with, the defendant could not be retaken, and hence could not move to vacate the order. A different doctrine would involve great confusion. * * * No authority has been cited in favor of the doctrine contended for, and it seems more in accordance with general principles applicable to process to hold that, when once dead, it is gone forever."

In *Mott* v. *Union Bank of City of N. Y.* (38 N. Y. 18), construing section 183 of the Code of Procedure,* the court said: " It is clear that this language is a virtual prohibition of the making of the order after judgment; and the reason obviously is that, after judgment, the need and office of the provisional remedy ceases."

When after judgment and the return of execution against the property unsatisfied and against the person not found, Wolfe was surrendered in exoneration of bail there was no live process in the hands of the sheriff. He could have notified plaintiff's attorney and an alias execution against the person could have been issued. This would have authorized the sheriff to hold the defendant until the judgment was satisfied or security given in twice the amount of the judgment. If such security was not given the defendant after incarceration in jail for six months could then have been discharged under the statute. (See Code Civ. Proc. § 111.) But the sheriff ignored the judgment, proceeded as if the defendant was held under the original order of arrest which had entirely spent its

---

* Now Code Civ. Proc. § 558. See Code Civ. Proc. § 551.— [REP.

force when judgment was entered, and released the prisoner on insufficient bail. Three months thereafter without any valid process of any kind in his hands he again arrested Wolfe and to the writ of habeas corpus returns as a fact that he holds him under the original order of arrest, asserting that it is in full force and effect. We are bound by the sheriff's return, and if the process under which he claims to hold is dead the prisoner is unlawfully detained.

As stated in *Dusenbury* v. *Keiley* (85 N. Y. 388): " The original warrant had exhausted its power and its office. It had become dead process, and could not be revived or continued in force. To put the party again under arrest or restrain his liberty required a new exercise of judicial power."

In *Bowman* v. *Bowe* (40 Hun, 489) the complaint in the action was dismissed upon the trial and the defendants who had been arrested under an order of arrest were discharged from custody. The judgment was reversed by the General Term and a new trial granted upon which the plaintiff recovered a judgment against all the defendants except one. Thereafter, upon plaintiff's motion, an order was made declaring that the order of arrest originally granted should be reinstated with the same force and effect as it had prior to May 3, 1880, the date of the dismissal of the complaint, and directing the sheriff to arrest and hold the defendants as required in that order. The General Term followed *People ex rel. Roberts* v. *Bowe* (*supra*), holding that the judgment undoubtedly superseded the order of arrest, " which was swallowed up " by it and that said order could not thereafter be reinstated even by order of court.

The order appealed from should be reversed and the relator discharged.

DOWLING, PAGE and GREENBAUM, JJ., concur; SMITH, J., concurs in result.

Order reversed and relator discharged.