THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL E. WOLFE, Respondent, *v.* EUGENE A. JOHNSON, Keeper of City Prison, Appellant.

**Arrest — final judgment does not terminate constraint of custody lawfully perfected — habeas corpus — erroneous discharge of relator upon ground that order of arrest had spent its force upon entry of judgment — right of recaption — custody released upon inadequate security may be resumed — escape.**

1. The purpose of arrest under mesne process is to insure the defendant's presence in obedience to final process and though judgment does, indeed, terminate the power to arrest under a warrant not previously served (Code Civ. Pro. § 551), it does not terminate the constraint of a custody then lawfully perfected, whether it be the custody of the jailor or the custody of bail. If the defendant is in prison when final judgment is rendered, the sheriff must continue to hold him there unless he gives the security required under such conditions. (Code Civ. Pro. §§ 573, 574.) If the defendant is at large, but in the constructive custody of bail, the sheriff must accept his surrender, and shall thereupon detain him " as upon the original mandate." (Code Civ. Pro. § 592, subd. 2.)

2. A defendant under arrest in a civil action, who, after final judgment, is surrendered by his bail but again released by the sheriff upon giving a new undertaking, may be re-arrested upon discovery that the new security is inadequate and his discharge upon habeas corpus is erroneous.

3. A contention that the right of recaption had been terminated by an escape cannot be sustained, since that is never the result where the prisoner escaping is held under mesne process, but, even viewing the process as final, the result would be the same, since, in such circumstances, escape is not complete while the prisoner, though at large, is within the liberties of the jail, and there is no suggestion here that he had departed therefrom. (*People ex rel. Roberts* v. *Bowe*, 81 N. Y. 43, distinguished.)

*People ex rel. Wolfe* v. *Johnson*, 194 App. Div. 451, reversed.

(Argued January 26, 1921, decided February 4, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered

December 27, 1920, which reversed an order of Special Term dismissing a writ of habeas corpus, sustained said writ and directed the discharge of the relator from imprisonment.

The facts, so far as material, are stated in the opinion.

*George W. Olvany* for appellant. The purpose of an order of arrest is to render the party amenable to the final process of the court. (Code Civ. Pro. §§ 561, 563, 572, 575.) The function of an order of arrest does not end when judgment is entered in the action, but the order retains its vitality as a process until its full purpose is accomplished. (*People ex rel. Roberts* v. *Bowe,* 81 N. Y. 43; *Arnold* v. *Thomas,* 2 How. Pr. 91; *Mott* v. *Union Bank,* 38 N. Y. 18; *Dusenbery* v. *Keiley,* 85 N. Y. 388; *Bowman* v. *Bowe,* 40 Hun, 489.) Upon the surrender of a defendant in exoneration of bail after body execution against him has been issued and returned " not found," the sheriff must retain him in custody to await further final process in the nature of a second or alias body execution. (Code Civ. Pro. §§ 572, 592.) Since the relator was held by the sheriff under the order of arrest which is a mesne process, and was released without giving the required undertaking, it was the sheriff's duty again to take him into custody and the relator's imprisonment was legal. (*Clark* v. *Cleveland,* 6 Hill, 344; *Stone* v. *Woods,* 5 Johns. 182; 5 Corpus Juris, 524.)

*Jerome A. Strauss* for respondent. The order of arrest dated July 30, 1918, became ineffective after June 16, 1920. (*People ex rel. Roberts* v. *Bowe,* 81 N. Y. 44; *Mott* v. *Union Bank,* 38 N. Y. 18; *Dusenbury* v. *Keiley,* 85 N. Y. 383; 2 Am. & Eng. Ency. of Law, 913; *Wilson* v. *Hamer,* 8 Bing. 54; *Housin* v. *Barrow,* 6 T. R. 218; *Ingram* v. *State,* 27 Ala. 17; *Redman* v. *State,* 28 Ind. 205; *Doyle* v. *Russell,* 30 Barb. 300; *Queen* v. *Heck,* 1 Cold.

17

[Tenn.] 212.)   There having been a voluntary escape, the sheriff cannot re-arrest.   (*Lansing* v. *Fleet*, 2 Johns. Cas. 3; *Littlefield* v. *Brown*, 1 Wend. 398; *Thompson* v. *Lockwood*, 15 Johns. 258.)

CARDOZO, J.   The relator was taken into custody in August, 1918, under an order of arrest in an action for false imprisonment and malicious prosecution.   He was released upon giving bail in the sum of $1,000, the undertaking of the bail providing that he would at all times render himself amenable to any mandate which might be issued to enforce a final judgment against him in the action (Code Civ. Pro. sec. 575, subd. 3).   Final judgment in the sum of $3,339.73 was entered in March, 1920; execution against the property was issued and returned unsatisfied; and this was followed by an execution against the person upon which the sheriff made return that the defendant could not be found.   The judgment creditor then sued the bail for failure to fulfill the obligation of the undertaking.   Before the time to answer had expired, the bail surrendered the defendant in their own exoneration (Code Civ. Pro. secs. 591, 593); and it then became the duty of the sheriff to detain the defendant in custody " as upon the original mandate " (Code Civ. Pro. sec. 592, subd. 2).   This the sheriff did, but on the same day, June 16, 1920, he released the relator again upon the giving of a new u~ ~rtaking.   The new undertaking, like the old one          `he sum of $1,000 and provided that the d⁓          ⅃d at all times render himself amenable          ⅃andate which might be issued to enforc⁓          ⅃udgment.   Such an undertaking would hav⁓          ⅃quate if given at any time before execution a⁓          ⅃e person (Code Civ. Pro. secs. 573, 574).   After ⅃xecution, the only proper security was a bond, twice the amount of the judgment, for the liberties of the jail (Code Civ. Pro. secs. 150, 573, 574).   The sheriff, having discovered his mistake, arrested the

defendant again. The latter sued out a writ of habeas corpus which the Special Term dismissed. The Appellate Division reversed, and discharged the relator upon the ground that the order of arrest had spent its force upon the entry of the judgment, and that, in default of an outstanding execution against the person, the sheriff was then without power to arrest the relator or detain him.

We do not so construe the requirements of the statute. The very purpose of arrest under mesne process is to insure the defendant's presence in obedience to final process (*People ex rel. Roberts* v. *Bowe*, 81 N. Y. 43, 45). That purpose would be defeated if judgment were held to terminate the power of detention. A plaintiff would then lose the benefit of his warrant at the only moment that he needed it. Judgment does, indeed, terminate the power to arrest under a warrant not previously served (Code Civ. Pro. sec. 551). It does not terminate the constraint of a custody then lawfully perfected, whether it be the custody of the jailer or the custody of bail. If the defendant is in prison when final judgment is rendered, the sheriff must continue to hold him there unless he gives the security required under such conditions. The statute says so in plain words (Code Civ. Pro. secs. 573, 574). If the defendant is at large, but in the constructive custody of bail, the sheriff must accept his surrender, and shall thereupon detain him " as upon the original mandate " (Code Civ. Pro. sec. 592, subd. 2). The statute is explicit again. The constructive custody of the bail becomes, in such circumstances, the equivalent of the actual custody of the sheriff (*Taylor* v. *Taintor*, 16 Wall. 366, 371; *Netograph Mfg. Co.* v. *Scrugham*, 197 N. Y. 377, 381), and the defendant is to be detained thereafter as if he had remained within the prison walls (*People ex rel. Newton* v. *Twombly*, 228 N. Y. 33, 36).

There is little analogy between this case and *People ex rel. Roberts* v. *Bowe* (81 N. Y. 43) where the order of arrest was superseded by an execution under which the

defendant was confined. The order there had done its work. It had kept the defendant on nañd to answer to the execution. The ruling was that it did not afterwards revive upon a reversal of the judgment. A different situation is before us here. This order had not done its work. It had not secured the defendant's presence to answer to the execution. When execution was issued, the defendant could not be found. He had failed to render himself amenable to the mandate that was issued to enforce the final judgment (Code Civ. Pro. sec. 575, subd. 3), and that mandate was no longer alive at the time of his surrender, for execution had been returned (Code Civ. Pro. sec. 1366). The order of arrest was not *functus officio* till it had placed the defendant in subjection to the constraint of final process. If the ruling of the Appellate Division is to be upheld, the sheriff must have accepted surrender by the bail, and yet was powerless to detain the prisoner when surrendered. Clear language would be required to justify that conclusion. We think another meaning, and one more consistent with the obvious promptings of reason and justice, is transparent in the statute (Code Civ. Pro. sec. 592, subd. 2). Nor is there risk of hardship to the relator. If there is unreasonable delay in issuing a second execution, the law supplies a remedy (Code Civ. Pro. sec. 572).

We hold, then, that the defendant upon surrender by his sureties, was in the custody of the law. The custody was released upon inadequate security. It might, therefore, be resumed. The prisoner remained at large at the risk of his custodian (*Peters* v. *Henry*, 6 Johns. 121; *Clark* v. *Cleveland*, 6 Hill, 344). The relator argues that the right of recaption had been terminated by an escape. That is never the result when the prisoner escaping is held under mesne process (*Lansing* v. *Fleet*, 2 Johns. Cas. 3, 10, 11; *Stone* v. *Woods*, 5 Johns. 182, 185; *Jansen* v. *Hilton*, 10 Johns. 549; *Riley* v. *Whittiker*, 49 N. H. 145). But if the process were to be viewed as

final, the result would be the same. Even in such circumstances escape is not complete while the defendant, though at large, is within the liberties of the jail (Code Civ. Pro. sec. 155; Prison Law [Consol. Laws, chap. 43], sec. 357; *Peters* v. *Henry, supra; Clark* v. *Cleveland, supra; Lansing* v. *Fleet, supra*). If he goes beyond those limits, there are distinctions at common law, as modified by ancient statutes, between recaption by the jailer and recaption by the creditor (*Lansing* v. *Fleet, supra; Littlefield* v. *Brown*, 1 Wend. 398; *Riley* v. *Whittiker, supra*). We do not need to determine whether the distinctions are the same under the provisions of the Code (Code Civ. Pro. secs. 155, 591, 595). There is no suggestion in this record that the relator had ignored his duty, and departed from the limits. Under the earlier law as under the statute (Code Civ. Pro. sec. 155), recaption was the sheriff's right.

The order of the Appellate Division should be reversed, and that of the Special Term affirmed.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.